UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Ortiz and Senior Judge Annunziata

DAVED O'NEIL LANDSDOWNE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1588-22-4                      JUDGE DANIEL E. ORTIZ
                                                    AUGUST 1, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
William W. Eldridge, IV, Judge

(Jason E. Ransom; Ransom/Silvester, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Andrew T. Hull, Assistant
Attorney General, on brief), for appellee.


The Circuit Court of Frederick County convicted Daved O'Neil Landsdowne of felony

eluding, three counts of reckless driving, aggressive driving, improper passing, speeding in a

highway work zone, destruction of property, and driving with an expired registration.  Landsdowne

contends that the Commonwealth's evidence was insufficient to support his convictions because it

was speculative, created a mere suspicion of guilt, and did not exclude every reasonable hypothesis

of innocence, specifically that the front seat passenger was the vehicle's true operator.  We disagree

and affirm the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Meade v. Commonwealth*,

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

74 Va. App. 796, 802 (2022). "[W]e regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.*

Shortly after midnight on January 31, 2020, Frederick County Sheriff's Deputy Armstrong was patrolling vehicle speeds on Route 37. He saw a black Chevrolet Impala traveling at 90 miles per hour in a 65 mile-per-hour zone. Deputy Armstrong activated his emergency lights and siren and attempted to stop the vehicle. Rather than stopping, the car accelerated up to 100 miles per hour, drove through a red light, and proceeded onto Interstate 81. Virginia State Police Sergeant Flanagan joined the pursuit. The Impala reached an active construction site where approximately 50 vehicles were stopped. It swerved into the median and onto the highway, crossed two lanes, and narrowly avoided colliding with other vehicles—all while exceeding the speed limit.

The Impala then crossed into West Virginia, and West Virginia State Police began pursuing the vehicle. The chase reached speeds of 125 miles per hour. It ended when the Impala drove over spike strips, its tires deflated, and it came to a stop on the side of the road. As the car slowed, West Virginia State Trooper Simmerly saw a female open the front passenger door, jump from the vehicle, and flee on foot. Trooper Simmerly then saw Landsdowne jump from the driver's seat to the front passenger seat and close the door. Trooper Simmerly approached, found Landsdowne in the front passenger seat, and arrested him.

At trial, Landsdowne testified that the female occupant was the driver and had climbed over him to exit the car from the passenger side. The trial court rejected Landsdowne's hypothesis of innocence, reviewed Trooper Simmerly's dash cam video multiple times, and concluded that Landsdowne was the car's driver. This appeal followed.

ANALYSIS

In reviewing "the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019). "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify." *Id.* And "it is the *fact finder*, not this Court, that determines whether a defendant's hypothesis [of innocence] is reasonable." *Fary v. Commonwealth*, 77 Va. App. 331, 347 (2023). "Thus, we will affirm the judgment of the trial court unless that judgment is 'plainly wrong or without evidence to support it.'" *Raspberry*, 71 Va. App. at 29 (quoting *Kelly*, 41 Va. App. at 257).

Landsdowne argues that the Commonwealth failed to prove that he was driving the car, rather than the front seat passenger. He also argues that the Commonwealth failed to exclude every reasonable hypothesis of innocence. We disagree.

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013). On appeal, we review the trier of fact's determination regarding the identity of the criminal actor in the context of "the totality of the circumstances." *Brown v. Commonwealth*, 37 Va. App. 507, 523 (2002). Here, Trooper Simmerly testified that he saw Landsdowne move from the driver's seat to the front passenger seat immediately after the female passenger jumped from the car and fled on foot. The dash cam video shows the female jump from the car after the tires deflated but while it was still moving. After the car stopped, Trooper Simmerly removed Landsdowne from the passenger side of the car. The dash cam video corroborates Trooper Simmerly's testimony that Landsdowne was driving the car. After reviewing the video several times and considering Trooper

Simmerly's testimony, the trial court concluded that Landsdowne was the perpetrator of the crimes and permissibly rejected Landsdowne's claim that he was not the driver.  The trial court was free to disregard his testimony and conclude that he was "lying to conceal his guilt."  *Cornell v. Commonwealth*, 76 Va. App. 17, 30 (2022).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011).  "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  *Id.* (alteration in original).  "While no single piece of [circumstantial] evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'"  *Ervin v. Commonwealth*, 57 Va. App. 495, 505 (2011) (alteration in original) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).  "In other words, in a circumstantial evidence case . . . the accumulation of various facts and inferences, each mounting upon the others, may indeed provide sufficient evidence beyond a reasonable doubt" of a defendant's guilt.  *Id.*  Here, the totality of the evidence supports the trial court's rejection of Landsdowne's hypothesis of innocence and conclusion that Landsdowne committed the offenses.  Thus, we affirm Landsdowne's convictions.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*